IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RODNEY S. PEDERSON,

               Plaintiff,

     vs.

WILLIAM MORSE, PRESIDING
JUDGE OF THE THIRD JUDICIAL
DISTRICT AT ANCHORAGE, JUDGE
MICHAEL COREY, ANCHORAGE
TRIAL COURT, JUDGE ERIN
MARSTON, ANCHORAGE TRIAL
COURT, JUDGE ANDREW
PETERSON, ANCHORAGE TRIAL
COURT, JAMES E. TORGERSON,
STOEL RIVES,

               Defendants.

Case No. 3:18-cv-00252-RRB

**ORDER GRANTING DEFENDANT
JUDGES'AMENDED MOTION TO
DISMISS AND DISMISSING CASE
(Docket 21)**

## I.    BACKGROUND

At Docket 21 is an Amended Motion to Dismiss. Defendants, the Honorable Judge

William Morse, the Honorable Judge Michael Corey, the Honorable Judge Erin Marston, and the

Honorable Judge Andrew Peterson (collectively, "Defendant Judges" or "Defendants"), move to

dismiss Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1), (6).[1]

---

[1] Docket 21 at 2.

*Pederson v. Morse, et al.*                                         Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)       Page 1

Case 3:18-cv-00252-RRB   Document 33   Filed 05/15/19   Page 1 of 11

The instant filing at Docket 21 amends and replaces Docket 14. Plaintiff did not file an opposition to the amended motion, but did oppose[2] the initial motion to dismiss.[3] Because Plaintiff has not availed himself of multiple opportunities to submit an updated opposition, dating back to February 2019, and because the Court finds no need for one, the Court will decide the amended motion to dismiss on the documents in the record.

## II.   FACTS

The parties are aware of the general facts of this case. Here, Defendant Judges move to dismiss all of Plaintiff's claims against them. They argue that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). In the alternative, they argue that this Court does not have jurisdiction under Rule 12(b)(1).[4] Defendants claim that this Court does not have jurisdiction because Plaintiff has not alleged an "actual case or controversy" and cannot demonstrate he suffered "actual injury resulting from illegal action," and therefore his claims are moot.[5] Defendants further argue that, even if the Court had jurisdiction, it must abstain from considering the case until after Plaintiff's state court case is resolved. To do otherwise, the argument continues, would require this Court to impermissibly oversee and manage state court judges in their judicial duties.[6]

While Plaintiff opposed the Defendant Judges' original motion to dismiss,[7] he did not respond to the amended motion to dismiss.[8] The Court assumes, however, that Plaintiff's

---

[2] Docket 24.
[3] *See* Dockets 14 (withdrawn); 20; 22.
[4] Docket 21 at 9–10.
[5] *Id*. at 10.
[6] *Id*. at 12–13.
[7] Docket 24.
[8] It appeared that Plaintiff was not aware that the Defendants had moved to withdraw their original motion and replaced it with an amended motion. Dockets 20; 21; 22; 23. After Plaintiff filed his opposition at Docket 24, counsel for Defendants believed it was responsive to their

*Pederson v. Morse, et al.*                                                              Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)        Page 2

Case 3:18-cv-00252-RRB   Document 33   Filed 05/15/19   Page 2 of 11

general position is to oppose the amended motion, based on his filings at Dockets 24 and 26. As indicated above, the Court will evaluate and resolve the motion to dismiss on the papers filed.

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Motions to Dismiss

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction. Such a challenge "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint."[9] "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."[10] Once raised, "[t]he party asserting federal jurisdiction has the burden of establishing it."[11]

---

original motion in error and counsel sent a notice to alert Plaintiff to the amended motion. Docket 25. Two months later, the Court issued an order at Docket 29 that Plaintiff submit his opposition to the amended motion within three weeks. That deadline was April 17, 2019. Although no amended opposition was ever submitted, Plaintiff filed a Motion for Preliminary Injunction on May 8, 2019. Docket 32. With that contact to the Court, the Court imputes knowledge of all the notices and filings relating to the instant motion to the Plaintiff. The Court presumes Plaintiff intended to rest on his previously filed opposition, Docket 24.

[9] *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

[10] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.), *cert. denied*, 135 S. Ct. 361 (2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

[11] *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

**B.      Rule 12(b)(6) Motions to Dismiss**

Federal rules require courts to dismiss a complaint that fails to state a claim upon which relief can be granted.[12]   The inquiry is limited to the contents of the complaint.[13]   A complaint must be dismissed when it does not give defendants fair notice of a legally cognizable claim and factual allegations in support of the claim.[14]   The claim must be facially plausible, informed by the Court's reliance on experience and common sense.[15]   The Court accepts as true all factual allegations.[16]   The Court, however, is not obligated to accept conclusory allegations, unjustified deductions of fact, or unreasonable inferences.[17]   It is the "plaintiff's obligation to provide the grounds of his entitlement to relief" and this "requires more than labels and conclusions."[18]

Under Rule 8(a)(2), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   The standard demands more than a mere accusation of harm.[19]   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[20]

Finally, in conducting its review, the Court must liberally construe a self-represented person's pleading and give a *pro se* plaintiff the benefit of any doubt.[21]   The Court is

---

[12]   Fed. R. Civ. P. 12(b)(6); *see North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

[13]   *North Star Int'l*, 720 F.2d at 581 (citing *Lodge 1380, Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees (BRAC) v. Dennis*, 625 F.2d 819, 824 (9th Cir. 1980)).

[14]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15]   *Id.* at 570.

[16]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17]   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[18]   *Bell Atl. Corp.*, 550 U.S. at 555 (quotations omitted).

[19]   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

[20]   *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

[21]   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

*Pederson v. Morse, et al.*                                                                    Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)                Page 4

Case 3:18-cv-00252-RRB   Document 33   Filed 05/15/19   Page 4 of 11

not aware of any Ninth Circuit precedent discussing whether a lawyer who represents himself must be afforded the same leniency, but the Court is inclined to do so here.

## C.    Leave to Amend

As discussed fully in this Court's order at Docket 31, the court should freely give leave to amend "when justice so requires"[22] and in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[23]

## IV. DISCUSSION

## A.    The Court Must Dismiss Plaintiff's Claims Because It Lacks Subject Matter Jurisdiction

Before considering the merits of the claims, Plaintiff's complaint must be dismissed because this Court clearly lacks subject matter jurisdiction over those claims.[24]  Plaintiff's claims against Defendant Judges are moot, as they present no actual case or controversy that can be adjudicated, and because the *Rooker-Feldman* doctrine precludes federal district courts from ruling on state-court judgments in these circumstances.

### (1)    Mootness

Federal courts have no power to hear moot claims because, by definition, they present no actual ongoing case or controversy within the meaning of Article III of the U.S. Constitution.[25]  If a plaintiff's claim is deemed moot, they have not effectively pleaded a

---

[22] Fed. R. Civ. P. 15(a)(2).
[23] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[24] Fed. R. Civ. P. 12(b)(1).
[25] *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969).  *See also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (explaining that under Article III, a dispute must concern 'live' issues, and generally plaintiffs must have a personal interest in the outcome of the case).

*Pederson v. Morse, et al.*                                                                                    Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)                Page 5

Case 3:18-cv-00252-RRB    Document 33    Filed 05/15/19    Page 5 of 11

"threatened or actual injury resulting from the putatively illegal action" and consequently, a federal court cannot "assume jurisdiction."[26]

Here, Plaintiff's claims are moot because there is no relief this Court can grant to redress any injury. There is no possibility a decision on the merits would make any difference whatsoever to Plaintiff.[27] Plaintiff is asking for this Court to grant him injunctive relief or any other relief that the Court deems appropriate against each of the Defendant Judges.[28] He does not, at the outset, specify what relief he believes this Court can provide him, but believes that Defendant Judges are violating his equal protection rights.[29]

To establish an injury sufficient for Article III jurisdiction, Plaintiff must allege that he (1) faced a "concrete, particularized, and imminent injury"; (2) the injury was "traceable to the conduct" for which he sought relief; and (3) a favorable ruling would redress the injury.[30]

Here, Plaintiff complains that Judge Corey, Judge Marston, and Judge Peterson denied him equal protection of the law by making erroneous rulings.[31] He alleges, without factual support, that Presiding Judge Morse "may have played a role" in allowing the trial judges' erroneous rulings.[32] He also alleges that Judge Corey, Judge Marston, and Judge Peterson acted outside the superior court's jurisdiction.[33] He alleges that Judge Peterson acted intentionally and was not impartial.[34] However, Plaintiff does not explain how these erroneous or intentionally incorrect rulings caused a concrete or particular injury that could be redressable by this Court.

---

[26] *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973).
[27] *Timbisha Shoshone Tribe v. U.S. Dep't of Interior*, 824 F.3d 807, 814 (9th Cir. 2016).
[28] Docket 1 at 3–4.
[29] *Id*. at 22, 13.
[30] *Moore v. Urquhart*, 899 F.3d 1094, 1099 (9th Cir. 2018).
[31] Docket 1 at 12, 15, 18, 19, 20.
[32] *Id*. at 24.
[33] *Id*. at 13, 17 (alleging Judge Marston "took" jurisdiction without authority), 19, 21.
[34] *Id*. at 21.

*Pederson v. Morse, et al.*                                                                 Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)          Page 6

Case 3:18-cv-00252-RRB   Document 33   Filed 05/15/19   Page 6 of 11

Indeed, it appears impossible for Plaintiff to plead an actual injury given the circumstances, as explained below. This deficiency renders his claims moot.

Plaintiff presumes an injury has occurred because he has received adverse rulings, and he attributes those decisions to judicial bias and conspiracy against him. However, the first step in challenging perceived erroneous rulings by the Defendant Judges sitting on the Alaska Superior Court is an appeal to the Alaska Supreme Court. Because Plaintiff may obtain relief via proper appellate procedure, there is no actual injury at this time for this Court to evaluate. Therefore, Plaintiff's claims of harm from Defendant Judges' *past* rulings are moot. Likewise, Plaintiff is unsuccessful at establishing a *prospective* actual injury for two reasons. First, it is too speculative to say what future rulings will be on various motions.[35] Second, Plaintiff cannot establish actual harm by any trial court decision because a truly erroneous ruling would properly be cured on appeal to the Alaska Supreme Court. If that were not sufficient, the U.S. Supreme Court is the proper appellate body, as it is the only federal court with appellate jurisdiction over State court decisions.[36]

Even more simply, the claims against Defendant Judges Corey, Marston, Morse, and Peterson are moot because none of them are currently involved in Plaintiff's case.[37] Plaintiff

---

[35] *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (matters involving speculative injury are not ripe for review; this "prevents courts from becoming entangled in abstract disagreements") (citations and internal quotations omitted).

[36] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

[37] A search for **3AN-09-10971CI** on https://records.courts.alaska.gov/eaccess as of May 10, 2019, lists Administrative Judicial Reassignments for Judge Corey on August 31, 2015, and for Judge Marston on December 14, 2017, as "Judge Caseload Transfers." Judge Corey is no longer on the court. Judge Marston and Judge Morse have not been involved in this case since Judge Peterson was assigned to it. Docket 21 at 11–12. Furthermore, it is evident that Judge Peterson will no longer be hearing this case due to an Administrative Reassignment on April 26, 2019. This Court takes judicial notice of these facts and dates in the public record.

*Pederson v. Morse, et al.*                                                      Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)        Page 7

Case 3:18-cv-00252-RRB   Document 33   Filed 05/15/19   Page 7 of 11

has not identified sufficient supporting facts that would demonstrate a likelihood that any of the Defendant Judges will act to cause him injury in the future.

Consequently, federal courts lack jurisdiction over Plaintiff's claims against Defendant Judges. Furthermore, the Ninth Circuit has elaborated that "it would be pointless" to grant injunctive or declaratory relief as to moot claims.[38] There is no possibility that a decision on the merits—even if this Court were to find Defendant Judges liable for a civil rights act violation— would make any difference to Plaintiff whatsoever.[39]

### (2) *Rooker-Feldman*

The *Rooker-Feldman* doctrine, which applies when "state-court losers [complain] of injuries caused by state-court judgments," prevents this Court from having subject matter jurisdiction to hear any of the claims against Defendant Judges,[40] even if any Defendant were still assigned to Plaintiff's case and even if Plaintiff showed he would likely suffer a prospective injury. *Marciano v. White*[41] is an unreported Ninth Circuit case in which a plaintiff sought injunctive relief in federal court against a state court judge. Plaintiff Marciano's requested relief was that the federal court overturn the state judge's decisions that he believed violated his constitutional rights.[42] The district court dismissed Marciano's complaint in part because it lacked subject matter jurisdiction under *Rooker-Feldman*. The Ninth Circuit approved, noting that Marciano's complaint invited a particularly direct application of the doctrine: a lawsuit "against the state court

---

[38] *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 911 F.2d 1331, 1335 (9th Cir. 1990).

[39] *Timbisha Shoshone Tribe*, 824 F.3d at 813–14.

[40] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) ("federal courts lack jurisdiction to engage in appellate review of state court-determinations").

[41] 431 F. App'x 611 (9th Cir. 2011).

[42] *Id*. at 612.

judge herself" for her judicial decisions.[43] Marciano's case is identical in approach to Plaintiff's case here, and is "precisely the kind of legal action meant to be barred from federal court by the Supreme Court's *Rooker-Feldman* decisions."[44]

For both of the above reasons, this Court does not have subject matter jurisdiction over Plaintiff's claims, and the claims must be dismissed pursuant to Rule 12(b)(1).

**B.    The Court Must Dismiss Plaintiff's Claims Because Defendant Judges are Immune From Suit**

If the Court were to have subject matter jurisdiction, however, Plaintiff's claims against Defendant Judges still would be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) because Defendant Judges are immune from liability. Judicial immunity regarding damages was previously explained by this Court.[45] As discussed there, immunity jurisprudence states that judges are always immune from damages liability, yet they may not be immune from claims seeking declaratory or injunctive relief.[46] Plaintiff relies on that notion, specifying that he is not seeking damages from Defendant Judges, only injunctive relief.[47]

However, judicial immunity in the civil rights statutes extends to "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, . . . unless a declaratory decree was violated or declaratory relief was unavailable."[48] Plaintiff does not claim that a declaratory decree was violated nor that declaratory relief was unavailable. For

---

[43]    *Id.*
[44]    *Id.*
[45]    Docket 31 at 11.
[46]    *See*, e.g., *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *Moore*, 899 F.3d at 1104.
[47]    Docket 1 at 2–3, 3, 4, 18, 48.
[48]    42 U.S.C. § 1983; *Moore*, 899 F.3d at 1104.

*Pederson v. Morse, et al.*                                                                 Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)          Page 9

Case 3:18-cv-00252-RRB    Document 33    Filed 05/15/19    Page 9 of 11

this reason, Plaintiff has failed to overcome the bar of judicial immunity to state a claim for which relief can be granted.[49]

## C. The Court Must Abstain From Considering These Claims Under The *Younger* Abstention Doctrine

Defendants argue that even if the Court had jurisdiction over this case, the proper procedure would be to abstain from ruling under the *Younger*[50] abstention and doctrines of equity and comity.[51] The Court agrees that it should not engage in "continuous supervision by the federal court" of the state court orders that Plaintiff opposes.[52] Those complaints are properly heard on appeal to the Alaska Supreme Court.[53]

Assuming, *arguendo*, that this Court had subject matter jurisdiction, and the claims against the Defendant Judges were not moot, and assuming the judicial immunity exception would not apply to Defendant Judges, this Court still would refrain from ruling on Plaintiff's claims for the time being. Restraint is mandated by the abstention doctrine explained in *Younger*.

## D. Leave To Amend Complaint Would Be Futile

On a final note, further discussion is warranted on the absence of Plaintiff's responsive opposition to Defendant Judge's amended motion.[54] The Court proceeded in its analysis because it is absolutely clear as a matter of law that this Court lacks jurisdiction to hear

---

[49] *See Marciano*, 431 F. App'x at 612.
[50] *Younger v. Harris*, 401 U.S. 37 (1971).
[51] The Ninth Circuit in *Marciano* also discussed application of the *Younger* abstention to dismiss Marciano's claims, after the district court identified "the ethics and competence of a state court judge" as implicating important state interests. *Marciano*, 431 F. App'x at 613. The Ninth Circuit clarified that other "uniquely state interests such as preservation of these states' peculiar statutes, schemes, and procedures" are required for *Younger* abstention to apply. *Id.* (citing *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1150 (9th Cir. 2007)) (emphasis omitted).
[52] Docket 21 at 15; *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974).
[53] *See* discussion *supra*, Section IV(A)(ii).
[54] *See supra*, note 8.

*Pederson v. Morse, et al.*                                      Case No. 3:18-cv-00252-RRB
Order Granting Defendant Judges Amended Motion to Dismiss and Dismissing Case (Docket 21)        Page 10

the case.  There simply is no persuasive argument in opposition.  For the same reasons, granting leave to amend the complaint would be futile, because it is not possible for Plaintiff to assert any facts that would create subject matter jurisdiction for this Court to consider his claims.

Moreover, for many of the reasons that this Court determined amendment of the complaint would be futile with respect to Defendant Torgerson,[55] Plaintiff's claims against Defendant Judges could not possibly be cured with the allegation of additional facts.  Accordingly, the Court denies leave to amend the complaint.

For these reasons, Defendant Judges Corey, Marston, Peterson, and Morse's Motion to Dismiss at 21 is **GRANTED**.  Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to all remaining Defendants (Defendant Judges) and all remaining Claims (Claims I–IV).  Leave to amend is **DENIED**.

Still to be resolved in this case is a Motion for Preliminary Injunction that Plaintiff filed on May 8, 2019, at Docket 32.  Plaintiff does not identify any basis for this Court to have jurisdiction or authority to grant a preliminary injunction, and there appears to be no such authority to address this issue in federal court.  Therefore, further briefing is not necessary, and the Motion for Preliminary Injunction is hereby **DENIED**.  This resolves all issues raised by Plaintiff's complaint which is now hereby **DISMISSED** in its entirety **WITH PREJUDICE**.

IT IS SO ORDERED this 15th day of May, 2019, at Anchorage, Alaska.

_____
*/s/ Ralph R.  Beistline*
RALPH R.  BEISTLINE
Senior United States District Judge

---

[55] *See* Docket 31 at 13–15.